Estate of JOHN LANE, Deceased.

[No. 3,490; decided August 7, 1884.]

**Letters of Administration.—The Order in Which Letters** of administration are granted is a matter of statutory regulation, and to the statute the court must resort for decision.

**Succession—Vesting of Estate in Heirs.**—Heirs succeed to the property of their intestate immediately upon his death; then their interest becomes vested, subject only to the lien of the administrator for the payment of the debts of the decedent and the expenses of administration.

**Succession.—The Next of Kin Entitled to Share in the Distribution** of the estate of an intestate are such only as are next of kin at the time of his death.

**Letters of Administration —Next of Kin.**—Where a man dies intestate, and subsequently his widow dies before letters are taken out on his estate, her niece is not entitled to administer his estate as next of kin, for she was not such when he died.

Charles F. Hanlon, for Miss Margaret Murray.

Geo. D. Shadburne and Mr. W. A. Plunkett, associate, for absent heirs.

T. E. K. Cormac, for Public Administrator Roach.

J. M. Burnett, amicus curiae.

COFFEY, J. John Lane died intestate, leaving solely surviving him his widow Ellen, who, shortly after his death and before letters were taken out on his estate, died, leaving no issue nor parents. Now comes Margaret Murray, spinster, niece of Ellen Lane, and claiming to be her heir at law, and files a petition for letters of administration on the estate of the first aforesaid John Lane, which petition is contested by the public administrator, who claims that he is entitled, under the statute (Code Civ. Proc., sec. 1365). The question before the court is: To which of these antagonistic applicants should letters issue?

The order in which letters of administration are granted is a matter of statutory regulation, and to the statute we must resort for the rule of decision. This principle should

be borne in mind when examining the authorities cited from other states, for unless they interpret statutes similar to our own they carry no weight. Section 1365 of the California Code of Civil Procedure provides that relatives of the deceased shall be entitled to administer only when they are entitled to succeed to his personal estate, or some portion thereof; and the section then fixes the order in which letters shall be granted, the seventh subdivision being "the next of kin entitled to share in the distribution of the estate." It has been held from the earliest history of our jurisprudence that the heirs succeed to the property of the intestate immediately upon his death; then their interest becomes vested, subject only to the lien of the administrator for the payment of the debts of the intestate and charges and expenses of administration. It follows from this independent of the statute, that "the next of kin entitled to share in the distribution of the estate" must be the persons who are "next of kin" at the death of the intestate. Miss Margaret Murray was not next of kin to John Lane when he died: how can she become so after his death? The first part of section 1365, Code of Civil Procedure, provides that the relatives of the deceased (not the relatives of a deceased heir of the deceased) shall be entitled to administer only when they are entitled to succeed to his personal estate. Miss Murray was not a relative of the deceased John Lane; she was not an heir at law; if her aunt Ellen had died before John Lane, Margaret would come in for nothing. Miss Murray will ultimately obtain a portion of the estate, but only as an heir at law or "next of kin" of her aunt Ellen, if it be established in that estate that she is so related. Her interest comes and is worked out through that estate and in no other way. There is no descent cast by right of representation in this case; the law provides for such only where the common relative dies before the intestate. It would seem, then, that as Miss Margaret Murray was not a relative of the decedent, John Lane, and can claim only through the estate of her deceased aunt, Ellen Lane, she does not come within the statute, and hence her application must be denied.

In Estate of Wakefield, 136 Cal. 110, 68 Pac. 499, a mother and daughter perished in a wreck, the daughter dying first. The daughter died intestate, leaving her mother sole heir. Her mother left a last will bequeathing her property to her two sons. It was held that the sons were not entitled to administration on the estate of the daughter, under section 1365, California Code of Civil Procedure, as they became possessed of her estate, not as her heirs, but by reason of being devisees under their mother's will.